UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JON D. JENKINS,**

    **Plaintiff,**

v.                                                                 Case No: 8:18-cv-2718-MSS-SPF

**ST. PETERSBURG COLLEGE**
**BOARD OF TRUSTEES,**

    **Defendant.**

_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Entitlement to Attorney's Fees Incurred by Pro Bono Counsel ("Johanson Law") and to Adjudicate Charging Lien and Allocate Claims for Attorney's Fees, (Dkt. 65), and Swift, Isringhaus, & Dubbed, P.A.'s ("Swift Law") Motion to Adjudicate and Enforce Charging Lien and Response in opposition to Plaintiff's Motion, (Dkt. 67), and Plaintiff's Response in opposition to Swift Law's Motion. (Dkt. 72) On January 4, 2022, United States Magistrate Judge Sean P. Flynn issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion be granted, and Swift Law's charging lien be discharged. (Dkt. 87) On January 18, 2022, Swift Law timely filed an objection to the R&R, (Dkt. 88), and on February 15, 2022, Plaintiff filed a response to the objection. (Dkt. 91)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

On review, the Court finds that the R&R should be adopted to the extent that it finds that Swift Law's charging lien is enforceable. The Court declines to adopt the R&R to the extent that it does not undertake a substantive quantum meruit analysis as to the value of services rendered by *either* counsel in this matter. The Court finds that it would be an abuse of its discretion to impose a forfeiture of all fees where Swift Law expressly requested leave to supplement the record if the Court determined to consider a fee award under a quantum meruit analysis. This is further compelled because did

Johanson Law did not seek such a default and agreed that the Court should apportion fees as between Johanson Law and Swift Law. (Dkt. 65 at 7) Johanson Law's Motion states: "Plaintiff requests that the Court . . . (2) adjudicate Swift Law's charging lien and allocate any valid fee claims among the Plaintiff's counsel in accordance with applicable law." Id.

As a further complication, the record reflects that Johanson Law also failed to provide any documentation to permit such a quantum meruit analysis of the fees being sought. Thus, there is no record justification for awarding the full fees deposited in the registry of the Court to Johanson Law. Specifically, the Court has not seen the fee agreement entered at the inception of the appointment of Johanson or any documentation of the hours expended or fees incurred by Johanson Law.

## CONCLUSION

Consequently, Plaintiff's Motion for Entitlement to Attorney's Fees Incurred by Pro Bono Counsel and to Adjudicate Charging Lien and Allocate Claims for Attorney's Fees, (Dkt. 65), and Swift, Isringhaus, & Dubbed, P.A.'s ("Swift Law") Motion to Adjudicate and Enforce Charging Lien, (Dkt. 67), are **GRANTED IN PART** and **DENIED IN PART** as explained above.

Counsel Erik Johanson is **DIRECTED** to file the contemporaneously entered fee agreement and documentation of hours incurred with detailed descriptions of services rendered within **seven (7) days** of the entry of this Order. The Court will,

thereafter, make a quantum meruit assessment of the proper allocation of the fees held in the registry of the Court as between respective counsel, if appropriate.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of March 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

4